UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHUBB & SON, INC., Plaintiff, - against - MOLLY HABER, in the capacity of Administratrix of the Estate of Ezra Rishty, deceased, Defendant. | : | **MEMORANDUM DECISION AND ORDER** 26-cv-1863 (BMC) |

**COGAN**, District Judge.

On June 16, 2006, plaintiff obtained a judgment on its RICO claim against Ezra Rishty in the amount of $1,005,982.02 in a case called Chubb & Son, Inc. v. Michael Kelleher, *et al.*, No. 92-cv-4484 (E.D.N.Y.). The preceding sentence omits multiple other aspects of the judgment, which involved another consolidated case and many other defendants who were held liable for different amounts. But those additional details are not material to the instant case. Here, Chubb & Son, Inc. ("Chubb") brings a new action against the estate representative of Ezra Rishty (since he died in 2024), seeking to renew the judgment, plus accrued interest. Defendant has defaulted, the Clerk has entered the default, and Chubb has moved for a default judgment.

Plaintiff's motion is overly dependent on state law and cumbersome procedural assumptions in several respects. First, although liens based on a federal judgment expire after 20 years, 28 U.S.C. § 3201, there is no expiration date for a federal judgment itself, see Belay Cap. Partners 1, LLC v. Windhaven Shores, Inc., No. 10-cv-0034, 2022 WL 1230251, at *1 (M.D. Tenn. April 26, 2022) ("[T]here is no specific federal statute of limitations on how long a federal judgment is effective … ." (citation omitted)). Nevertheless, some courts have looked to state

law, so I will assume that the 10-year expiration date in N.Y. C.P.L.R. 5014 applies. The state law cases hold that even if the judgment is considerably older than ten years, plaintiff may still obtain a renewal judgment. See, e.g., Emerald Invs. Ltd. v. Toms, 133 A.D.3d 558, 558, 19 N.Y.S.3d 421 (1st Dep't 2015); Schiff Food Prods., Co. v. M&M Imp. Exp., 84 A.D.3d 1346, 1348, 924 N.Y.S.2d 158 (2nd Dep't 2011).

Second, plaintiff calculated post-judgment interest based on New Jersey law, apparently on the theory that that is where Chubb is domiciled, but state law is inapplicable to the calculation of post-judgment interest on a federal judgment, regardless of the Court's jurisdictional basis that led to the judgment (and it appears to have been federal question jurisdiction here in any event). See Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 113 (2d Cir. 2013). I pointed this error out to Chubb, and it has re-submitted an interest calculation based on the treasury bill rate as required by 28 U.S.C. § 1961. That comes to $1,041,090.83.[1]

Third, Chubb relies on Federal Rule of Civil Procedure 69(a) to incorporate state law relating to the execution of judgments. It contends that a "renewal judgment" is a "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – [that] must accord with the procedure of the state where the court is located[.]" A number of cases, without much reasoning, support this view. See, e.g., Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. Kane Paint & Plaster, Inc., 20-cv-0070, 2021 WL 3129936, at *3 (E.D.N.Y. July 23, 2021); Kadic v. Karadzic, 93-cv-1163,

[1] Plaintiff's interest calculation submission includes a table that correctly reflects the interest accrued during 2026 as of September 30 ($39,535.09). But plaintiff apparently did not add up the numbers from its own table because its post-judgment interest calculation was $1,054,269.20, which equals $52,713.46 (a full year of interest) multiplied by 20 (the number of years since the judgment). The correct post-judgment interest calculation is $52,713.46 multiplied by 19 (the number of *full* years since the judgment) plus $39,535.09 (the amount of interest accrued in 2026 so far), which equals $1,041,090.83.

2020 WL 8512862, at *1 (S.D.N.Y. Dec. 9, 2020). I do not see how renewing a judgment is a "procedure on execution" or a "supplementary" proceeding in aid of execution. Nothing is being executed upon; Chubb hasn't executed upon anything for 20 years; and it does not describe how a renewal judgment will suddenly help it execute on anything. Indeed, N.Y. C.P.L.R. 5014 does not appear in that Article of the C.P.L.R. dealing with execution of judgments (Article 52), but in the Article dealing with entry of judgments (Article 50). Actions dealing with restatements or amendments of federal judgments, it seems to me, should be based on federal law.

Notwithstanding these anomalies, plaintiff is substantively entitled to a renewal of its federal judgment, plus interest. Its motion for a default judgment is therefore granted, and the Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $2,627,634.72.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
September 30, 2026